IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CINDY M. THACH,

       Plaintiff,

vs.                                             Civil Action 2:10-CV-655
                                                Judge Sargus
                                                Magistrate Judge

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

ORDER

    Plaintiff seeks review of the denial by the Commissioner of Social Security of her application for disability insurance benefits. On July 26, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 11. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*. Doc. No. 12. The Court will consider the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

    The administrative law judge found that plaintiff suffers the severe impairments of chronic pain in the right shoulder, right arm and right leg but that plaintiff has the residual functional capacity for a reduced range of light work. Relying on the testimony of the vocational expert, who testified that plaintiff's past work as a cashier required only light exertion, the administrative law judge found that plaintiff could perform her past work despite her impairments. The administrative law judge

therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act.

In her *Statement of Errors*, Doc. No. 9, plaintiff argued that the administrative law judge erred in refusing to give controlling, or even great, weight to plaintiff's treating chiropractor and nurse practitioner,[1] that plaintiff's work as a cashier in her husband's restaurant did not constitute prior relevant work and required medium exertion and that the administrative law judge erred in his finding that plaintiff's subjective complaints were not entirely credible.  In her *Objections*, plaintiff reasserts the same challenges but specifically addresses only the last two contentions.

The vocational expert testified that plaintiff's past relevant work included her work as a cashier in her husband's restaurant. *A.R.*, 204. According to the vocational expert, that work required light exertion "according to the DOT.  And I think that's consistent with her testimony." *Id.* Although plaintiff argued in her *Statement of Errors* and argues in her *Objections* that her work was not prior relevant work because it was only part-time and required accommodation and, in any event, required more than light exertion, the fact remains that the uncontroverted testimony of the vocational expert supports the finding of the administrative law judge in this regard.

In her challenge to the administrative law judge's credibility finding, plaintiff complains that the administrative law judge failed to expressly acknowledge plaintiff's work history and failed to adequately note plaintiff's medications.  In finding that plaintiff's subjective complaints of disabling pain were not credible, the administrative law

---

[1] As the Magistrate Judge noted, neither a chiropractor nor a nurse practitioner is an "acceptable medical source" whose opinions are entitled to controlling or deferential weight.  20 C.F.R. §404.1513.

2

judge noted that plaintiff's complaints in this regard were not supported by the objective medical evidence, *A.R.*, 17, and that "she does not take significant amounts of medication or high strength medication . . . ." *A.R.*, 18. The administrative law judge also found that plaintiff's complaints of disabling pain were inconsistent with her activities and that inconsistencies in plaintiff's testimony undermined her credibility. *Id.* The fact that the administrative law judge did not, in assessing plaintiff's credibility, expressly note plaintiff's entire work history does not render his assessment defective. Where, as here, an administrative law judge's credibility determination is explained and enjoys substantial support in the record, a court lacks authority to reverse that determination. *See Beavers v. Sec'y of Health and Human Servs.*, 577 F.2d 383, 386-87 (6th Cir. 1978).

In short, having carefully reviewed the record in this action, the Court concludes that plaintiff's *Objections* are without merit and they are therefore **DENIED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**. The decision of the Commissioner is **AFFIRMED**.

This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).


8-26-2011
Date

Edmund A. Sargus, Jr.
United States District Judge

3